```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

AARON LEACH, et al.,            :
                                :   NO. 1:07-CV-00200
         Plaintiffs,            :
                                :
                                :   **OPINION AND ORDER**
    v.                          :
                                :
                                :
LIFEWAY FOR YOUTH, INC., et     :
al.,                            :
                                :
         Defendants.            :
                                :
                                :

This matter is before the Court on Plaintiffs' Motion for Judgment by Default by the Court (doc. 13). For the reasons stated herein, Court GRANTS Plaintiff's Motion for Default Judgment (doc. 12), ENTERS Default Judgment against Defendants David and Liz Carroll, and AWARDS a total of $48,000 in damages. Further, the Court VACATES and RESETS the deadlines in the current scheduling order (doc. 37).

**I. Background**

On March 13, 2007, Plaintiffs filed a complaint against Defendants David and Liz Carroll ("the Carrolls"); Butler County, Ohio; and Lifeway, as well as John Doe and Jane Doe employees of Butler County and Lifeway (doc. 1).[1] Although the Carrolls were

---

[1] Amy Baker was also originally named as a defendant in this matter but has since been voluntarily dismissed by Plaintiffs (doc. 9).

both served with a summons and a copy of the Complaint (docs. 6, 7, 8), neither has replied nor otherwise responded to the Complaint, or attempted to defend the case in any manner, as required by Fed. R. Civ. P. 4. On July 14, 2007, Plaintiffs requested that the Clerk issue an Entry of Default against the Carrolls (doc. 10), and one was entered on July 16, 2007 (doc. 11). Thereafter, on July 27, 2007, the Plaintiffs filed the instant motion, moving for Default Judgment against the Carrolls for failure to plead in response to the Complaint, specifically seeking judgment on liability, as well as damages to be determined at a future date (doc. 13).

The Court held a hearing on damages in this matter on March 4, 2008, at which time Plaintiffs Sara and Aaron Leach testified as to the damages attributable to Defendants David and Liz Carroll. The Court then continued the hearing until April 30, 2008, allowing Plaintiffs to present the testimony of John Kinsel, a clinical counselor licensed by the State of Ohio, who treated the minor Plaintiff B.L. (doc. 23).

**II. Analysis**

Applying for a default judgment is a two-step procedure under the Federal Rules of Civil Procedure. First, an entry of default must be secured pursuant to Fed. R. Civ. P. 55(a), indicating that the party has failed to defend the action and is therefore in default. This subsection provides that "[w]hen a

[defendant] has failed to plead or otherwise defend as provided by these rules" and this failure is brought to the clerk's attention and supported "by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).

Once this step has been fulfilled, the Plaintiff may proceed for entry of a default judgment in accordance with Fed. R. Civ. P. 55(b).  An entry of default judgment requires some affirmation that the person against whom the default judgment is obtained is not (1) "an infant or incompetent person" who is unrepresented; (2) a member of the armed services who is entitled to protection against default pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix § 401 et seq.; or (3) an officer or agency of the United States.  See, e.g., Fed. R. Civ. P. 55(b), (c), (e); Advisory Committee Notes to Fed. R. Civ. P. 55, Supplementary Note.  Typically, this requirement is satisfied by the submission of an affidavit by the movant that none of these prohibitions apply in the instant case.

Further, Fed. R. Civ. P. 55 differentiates between claims made "for a sum certain or for a sum which can be by computation made certain" and those which may require additional fact finding, analysis, and/or hearings by the Court to establish an appropriate award.  Fed. R. Civ. P. 55(a).  A judgment award on the former may be entered by the clerk "upon affidavit of the amount due," while an award under the latter must be decided upon by the Court  Id.

In cases which do not involve a sum certain, a plaintiff must prove damages before the entry of a final default judgment. Priority Insulation v. Triple Crown Financial Group, Inc. 2006 WL 1529330, *3 (S.D.Ohio); see also Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir.1999); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981). A default admits only a defendant's liability and the amount of damages must be proved. Priority Insulation, 2006 WL 1529330 at *3, (citing Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1026 (5th Cir.1982) (en banc), cert. denied, 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90, (1983); Kelley v. Carr, 567 F.Supp. 831, 841 (W.D.Mich.1983)). Therefore, a hearing may be conducted by the Court to determine the amount of damages with reasonable certainty. Id., See also, Antoine v. Atlas Turner, Inc., 66 F.3d 105, 111 (6th Cir.1995); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir.1992), cert. denied, 506 U.S. 1080 (1993).

As noted above, Plaintiffs have satisfied the first step in obtaining default judgment, as an Entry of Default was entered on July 16, 2007 (doc. 11). Further, in their motion, Plaintiffs submit, through affidavit, that neither Liz nor David Carroll are in military service, are infants, or are incompetent persons (doc. 13). Therefore, the Court held a hearing on damages, during which the Court announced the amount it found the Plaintiffs had proven, through testimony and evidence, with reasonable certainty. The

Court finds that the Carrolls are joint and severally liable for the following awards: $25,000 as to the minor Plaintiff B.L., $15,000 as to Plaintiffs Sara and Aaron Leach, and $8,000 as to attorneys' fees; for a total damage award of $48,000.

**III. Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Default Judgment (doc. 12), ENTERS Default Judgment against Defendants David and Liz Carroll, and AWARDS a total of $48,000 in damages. Further, the Court VACATES the current scheduling order (doc. 37) and RESETS this matter according to the following schedule:

**I**

**PROCEEDINGS FOR TRIAL**

This matter will proceed to trial as follows:

(A) Discovery will be completed by September 1, 2008. All matters relating to discovery will be referred to the United States Magistrate Judge to whom the case has been assigned.

(B) Any motions will be filed by October 1, 2008. Motions must be filed by this date, and any motions filed after this date may be subject to a motion to strike. Parties are referred to Local Rule 7.2, which restricts letters to the Court. Correspondence with the Court should be by motion, except as expressly permitted by the Rule.

(C) This case is referred to the assigned Magistrate Judge for a Settlement Conference.

  (D) A final pretrial conference has been tentatively scheduled for November 26, 2008, at 11:00 A.M.

  (E) Trial has been tentatively scheduled for January 13, 2009, on an on-deck basis. On-deck trials will be released late Thursday afternoon the week before the scheduled trial date.

  (F) This is expected to be a four-day jury trial.

  (G) Any proposed jury instructions, jury interrogatories, and/or special verdict forms are to be submitted at least three (3) business days before the trial date and must cite to all sources used. In addition, the Court requests that the parties submit such documents to the Chambers on a computer disc that is compatible with WordPerfect version 8.0 or 10.0.

  (H) Exhibits are to be submitted ten days prior to trial.

  (I) Any motions or entries for extensions of time must recite the final pretrial date and trial date.

## II
## ORDERING OF TRANSCRIPTS

  Any request for daily copy of a trial should be made to the Judge's Court Reporter at the time of the final pretrial conference. Under no circumstances will the Judge allow a daily transcript or an over-night transcript if daily copy is not arranged in advance of trial.

## III
## STATUS REPORTS

  It will not be necessary for counsel to advise the Court

in writing on the status of this case.

## IV
## ADDITIONAL CONFERENCES

  If the need for the Court's assistance arises, counsel may make a joint appointment for additional conferences.

## V
## TRANSFERRAL

  In accordance with Western Division Rule No. 1 and Rule 53, Federal Rules of Civil Procedure, this matter may be transferred to the United States Magistrate Judge for disposition or for him to serve as Master.

  SO ORDERED.


Dated: April 30, 2008   s/S. Arthur Spiegel
            S. Arthur Spiegel
            United States Senior District Judge